UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY and CHUBB INDEMNITY INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> COLONY INSURANCE COMPANY, <br><br> Defendant. | CASE NO. _____ <br><br> January 16, 2026 |

**COMPLAINT FOR DECLARATORY RELIEF**

Great Northern Insurance Company and Chubb Indemnity Insurance Company, (collectively hereinafter "Chubb"), by way of this complaint for declaratory judgment against the defendant Colony Insurance Company, ("Colony"), allege and state:

**INTRODUCTION**

1.   This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

2.   Plaintiff Great Northern Insurance Company is an insurance company organized under the laws of the state of Indiana with a principal place of business in New Jersey.

3.   Plaintiff Chubb Indemnity Insurance Company is an insurance company organized under the laws of the state of New York with its principal place of business in New York.

4. Upon information and belief, Defendant Colony Insurance Company is an insurance company organized under the state of Nebraska with its principal place of business in Illinois.

## JURISIDCTION AND VENUE

5. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. An actual justiciable controversy between Chubb and Colony exists within the meaning of 28 U.S.C. § 2201 regarding whether Colony has a duty to defend and indemnify Chubb's insureds 566 Round Hill LLC, Morris Goldfarb, and Arlene Goldfarb, as additional insureds under the insurance policies issued by Colony, as more particularly described below, with respect to the action commenced by Jorge Armijos against 566 Round Hill LLC, Morris Goldfarb, and Arlene Goldfarb, along with Builders Atelier Corp. ("BAC"), captioned *Jorge Armijos v. 566 Round Hill LLC, 576 Round Hill LLC, Builders Atelier Development Corp., Builders Atelier Corp., Builders Atelier, Marris Goldfarb, and Arlene Goldfarb*, filed in the Supreme Court of the State of New York, in the County of New York, Index No. 154872/2022 (the "Underlying Action"), as more particularly described below. A true copy of the Amended Verified Complaint in the Underlying Action is attached hereto as **Exhibit 1**.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the subject insurance policies were sold to cover liability arising out of activities conducted on real property

located in this judicial district and/or a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## FACTUAL ALLEGATIONS

9. Chubb incorporates by reference its allegations in the preceding paragraphs as if fully set forth herein.

*The Policies*

10. Great Northern Insurance Company issued to Morris Goldfarb and Arlene Goldfarb (collectively, the "Goldfarbs") a Masterpiece policy, bearing policy number 10875755-02 and with a policy period from March 15, 2020 to March 15, 2021, (the "Chubb Primary Policy), which provides personal liability coverage, subject to a limit of $100,000 each occurrence.

11. Chubb Indemnity Insurance Company issued to the Goldfarbs an excess Masterpiece policy, bearing policy number 10875755-04 and with a policy period from March 15, 2020 to March 15, 2021, (the "Chubb Excess Policy, and collectively with the Chubb CGL Policy, the "Chubb Policies"), which provides excess liability coverage, subject to a limit of $15 million each occurrence.

12. Chubb is providing coverage under the Chubb Policies to Morris Goldfarb, Arlene Goldfarb, and 566 Round Hill LLC with respect to the Underlying Action.

13. Colony issued a Commercial General Liability Insurance Policy, bearing policy number 103 GL 0019139-00 (the "Colony CGL Policy") to BAC, having a policy period from July 25, 2017 to March 25, 2021. Upon information and belief, the Colony CGL Policy is subject to limits of liability of $1 million per occurrence and $2 million aggregate for bodily injury.[1]

---

[1] Despite its requests to Colony for copies of the Colony Policies, Chubb has not been provided with copies of the same. Therefore, all references herein to the contents of the Colony Policies are based upon the provisions quoted in Colony's correspondence to date. Chubb reserves the right to supplement and/or amend these allegations upon its receipt and review of true and accurate copies of the Colony Policies.

4805286_1

14. In addition to the Colony CGL Policy, Colony issued a Commercial Excess (Follow Form) Liability Policy, bearing policy number XS172495-0 (the "Colony Excess Policy," and collectively with the Colony CGL Policy, the "Colony Policies") to BAC, having a policy period from July 25, 2017 to March 25, 2021. Upon information and belief, the Colony Excess Policy is subject to limits of liability of $2 million per occurrence and in the aggregate.

15. Upon information and belief, subject to its other terms, conditions, and exclusions, the Colony CGL Policy states:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILTY**
1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . .

   b. This insurance applies only to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period;

      ***

16. Upon information and belief, the Colony CGL Policy also contains the following additional insured endorsement:

**ADDITIONAL INSURED – OWNERS, LESSEES OR**

**CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

4

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| All persons or organizations as required by written contract with the Named Insured | As designated in written contract with the Named Insured |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.  However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

    **2.** That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

    17.    Upon information and belief, the Colony CGL Policy was issued specifically to afford coverage for "bodily injury" arising out of the construction project being performed by BAC at 566 Round Hill Road, Greenwich, Connecticut that is the subject of the Underlying Action, as its states:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**
\*\*\*
**SCHEDULE**

| **Premises:** |
| --- |
| **Project:** Renovation of existing structure into car garage and ground up construction of a custom single family home at 566 Roundhill Rd., Greenwich, CT 068321 |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

    **1.** The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or
    **2.** The project shown in the Schedule.

\*\*\*

    18.    Upon information and belief, subject to its other terms, conditions, and exclusions, the Colony Excess Policy states:

**SECTION I – COVERAGES**

    **1. Insuring Agreement**

        **a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "injury or damage" for which the insured is legally obligated to pay and to which this insurance applies.
We have no duty to investigate any claim, suit or proceeding or defend under this policy . . .
\*\*\*

> **b.** An additional insured under "applicable underlying insurance" will automatically be an additional insured under this insurance. If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the lesser (sic) of the amount of the amount of insurance required by the contract or available under the limits of insurance provided under this policy, less any amounts payable by any "underlying insurance."
>
> \*\*\*
>
> The insurance provided under this policy will follow the same provisions, exclusions and limitations that are contained in the "applicable underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, that provisions of this policy will apply. However, this policy will not provide coverage for an event unless all the "applicable underlying insurance" provides coverage for the "event." Under no circumstances will coverage provided by this policy ever be broader than coverage provided by all the "applicable underlying insurance".

\*\*\*

### *The Underlying Action*

19. The underlying plaintiff Jorge Armijos commenced the Underlying Action against, among others, BAC, Morris Goldfarb, and Arlene Goldfarb. The operative complaint – the Amended Verified Complaint (the "Complaint") – also names 566 Round Hill, LLC and 576 Round Hill, LLC (collectively, the "LLCs") – as defendants.

20. Mr. Armijos, an employee of BAC's subcontractor Yer Construction, Inc. ("Yer"), alleges that BAC, the Goldfarbs, and the LLCs were negligent and violated New York Labor Law Sections 200, 240, and 241 resulting in injuries to him after he fell from a ladder on August 14, 2020, while working at a construction project at 566 Round Hill Road, Greenwich, CT – a property owned by 566 Round Hill LLC, the limited liability company formed by Morris and Arlene Goldfarb to own the property, and on which BAC was acting as the general contractor for the subject construction project.

4805286_1

21. The Goldfarbs and 566 Round Hill LLC brought crossclaims against BAC in the Underlying Action for contribution, common law indemnification, and contractual indemnification, along with a claim for failure to procure required insurance.

22. Discovery in the Underlying Action has confirmed that Mr. Armijos' alleged fall occurred at 566 Round Hill Road, Greenwich, Connecticut, while he was installing doors on the interior of the house being constructed by BAC there.

## *The Contract*

23. The Goldfarbs and BAC entered into a contract dated April 28, 2017 (the "Contract") for construction of the "Goldfarb residence" at 566 Round Hill Road, Greenwich, CT at which Mr. Armijos' alleged fall occurred, consisting of demlolition and construction of a single-family residence at the subject property.

24. On its face, the Contract identifies "Owner" as Morris and Arlene Goldfarb, and "Contractor" as BAC. It was signed by Morris Goldfarb as the "Owner," and by Terence Lennon on behalf of BAC. A true copy of the contract is attached hereto as **Exhibit 2**.

25. The Contract requires that the "Owner" be named as an additional insured on BAC's insurance policy. More specifically, under the "Insurance" section, the Contract states:

> **ARTICLE 16 INSURANCE**
>
> **§ 16.1** The Contractor shall provide insurance, in form and with limits policy, in accordance with the attached RIDER D for the duration of the work. Owner shall be listed as "additional insured" and "certificate holder" on the Contractor's insurance policy.

26. Upon information and belief, RIDER D is a Certificate of Insurance ("COI") dated October 1, 2017 that identifies the Colony Policies. Upon further information and belief, BAC has confirmed that the COI was the intended RIDER D to the Contract. A true copy of the COI is attached hereto as **Exhibit 3**.

27. Under the "Indemnification" section, the Contract states:

§ 8.13 INDEMNIFICATION

§ 8.13.1 To the fullest extent permitted by law and to the extent claims, damages, losses or expenses are not covered by Project Management Protective Liability insurance purchased by the Contractor in accordance with Section 16.3, the Contractor shall indemnify and hold harmless the Owner, Architect, Architect's consultants and agents and any employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this Section 8.13.

*See* Exhibit B, Section 8.13.

28. At the time of the Contract's execution and at the time of the August 14, 2020 incident that is the subject of the Underlying Action, the legal owner of the subject property at 566 Round Hill Road, Greenwich, Connecticut was 566 Round Hill LLC, a limited liability company formed by the Goldfarbs to own the property at 566 Round Hill Road. A true copy of the Executor's Deed for 566 Round Hill Road is attached hereto as **Exhibit 4**.

29. Morris and Arlene Goldfarb are, and at all times relevant hereto were, Managers of 566 Round Hill, LLC. A true copy of the Annual Report of 566 Round Hill LLC on file with the Secretary of the State of Connecticut is attached hereto as **Exhibit 5**.

30. Therefore, based upon the facts and circumstances, Morris Goldfarb signed the Contract in his capacity as legal owner of the property – *i.e.*, as Manager of 566 Round Hill LLC – and the term "Owner" under the Contract was intended to include the "Owner" of the property where and on which the work under the Contract was to be performed, *i.e.*, 566 Round Hill LLC.

31. As such, under the Contract, BAC is required to name 566 Round Hill LLC and the Goldfarbs as additional insureds on the Colony Policies, and by the terms of the Colony Policies, 566 Round Hill LLC and the Goldfarbs are entitled to additional insured coverage for the Underlying Action under the Colony Policies.

32. That the additional insured coverage under the Colony Policies applies to 566 Round Hill LLC and the Goldfarbs is evident where, as here, the Colony CGL Policy was issued to specifically cover "bodily injury" arising out of the construction project at 566 Round Hill Road, Greenwich, Connecticut that is the subject of the Contract.

33. In addition, under the Contract, BAC is required to defend, indemnify, and hold harmless the "Owner," *i.e.*, 566 Round Hill LLC and its Managers, the Goldfarbs, with respect to the Underlying Action.

34. The Underlying Action was tendered by or on behalf of the Goldfarbs and 566 Round Hill LLC to Colony with a request for coverage for them under the Colony Policies.

35. To date, despite its coverage obligations to 566 Round Hill LLC and the Goldfarbs, Colony has failed and refused to defend and/or indemnify the Goldfarbs and/or 566 Round Hill LLC under the Colony Policies, having denied their tenders on multiple occasions. True and accurate copies of Colony's March 16, 2023 and April 11, 2025 denial of coverage letters are attached hereto as **Exhibits 6** and **7**, respectively.

36. In response to Colony's denials of coverage, by letter to Colony dated November 21 2025, Chubb again demanded additional insured coverage for the Goldfarbs and 566 Round Hill LLC under the Colony Policies. In the November 21, 2025 letter, Chubb requested that Colony accept the tender and agree to defend and indemnify 566 Round Hill LLC and the Goldfarbs within 30 days, and indicated that, absent such acceptance of the tender by Colony,

10

Chubb would commence a declaratory judgment action to enforce 566 Round Hill LLC and the Goldfarbs' rights to coverage under the Colony Policies. A true copy of Chubb's November 21, 2025 letter and its enclosures is attached hereto as **Exhibit 8**.

37. To date, Colony has not responded to Chubb's November 21, 2025 letter, and it has otherwise failed and refused to defend and/or indemnify the Goldfarbs and 566 Round Hill LLC with respect to the Civil Action.

## COUNT I – Declaratory Judgment – Duty to Defend

38. Chubb incorporates by reference its allegations in the preceding paragraphs as if fully set forth herein.

39. 566 Round Hill LLC and the Goldfarbs, and Chubb on their behalf, have demanded additional insured coverage under the Colony Policies and have demanded that Colony defend and indemnify them against the Underlying Action. Colony has failed and refused to defend and indemnify 566 Round Hill LLC and the Goldfarbs.

40. An actual controversy within the jurisdiction of this Court exists with respect to the allegations stated herein and with respect to the application of the terms, conditions, and exclusions of the Colony Policies to 566 Round Hill LLC and the Goldfarbs and the claims asserted against them in the Underlying Action.

41. Pursuant to 28 U.S.C. §§ 2201 and 2202, Chubb respectfully requests that the Court declare that Colony has an obligation and duty to defend 566 Round Hill LLC and the Goldfarbs under the Colony Policies against the claims alleged in the Underlying Action because, among other reasons:

a. The term "Owner" under the Contract was intended to include the owner of the subject property at 566 Round Hill Road, *i.e.*, 566 Round Hill LLC, and its Managers, Morris and Arlene Goldfarb;

b. The Contract requires BAC to add the "Owner," *i.e.*, 566 Round Hill LLC and the Goldfarbs, as additional insureds under the Colony Policies, and the Colony Policies afford such additional insured coverage to 566 Round Hill LLC and the Goldfarbs where, as here, such coverage is "as required by written contract with the Named Insured"; and

c. BAC has a contractual obligation under the Contract to defend and indemnify the "Owner," *i.e.*, 566 Round Hill LLC and the Goldfarbs, against the Underlying Action, and upon information and belief, that contractual indemnification obligation of BAC to 566 Round Hill LLC and the Goldfarbs is covered by the Colony Policies.

**COUNT II – Declaratory Judgment – Duty to Indemnify**

42. Chubb incorporates by reference its allegations in the preceding paragraphs as if fully set forth herein.

43. 566 Round Hill LLC and the Goldfarbs, and Chubb on their behalf, have demanded additional insured coverage under the Colony Policies and have demanded that Colony defend and indemnify them against the Underlying Action. Colony has failed and refused to defend and indemnify 566 Round Hill LLC and the Goldfarbs.

44. An actual controversy within the jurisdiction of this Court exists with respect to the allegations stated herein and with respect to the application of the terms, conditions, and exclusions

of the Colony Policies to 566 Round Hill LLC and the Goldfarbs and the claims asserted against them in the Underlying Action.

45. Pursuant to 28 U.S.C. §§ 2201 and 2202, Chubb respectfully requests that the Court declare that Colony has an obligation and duty to indemnify 566 Round Hill LLC and the Goldfarbs under the Colony Policies against the claims alleged in the Underlying Action because, among other reasons:

    a. The term "Owner" under the Contract was intended to include the owner of the subject property at 566 Round Hill Road, i.e., 566 Round Hill LLC, and its Managers, Morris and Arlene Goldfarb;

    b. The Contract requires BAC to add the "Owner," i.e., 566 Round Hill LLC and the Goldfarbs, as additional insureds under the Colony Policies, and the Colony Policies afford such additional insured coverage to 566 Round Hill LLC and the Goldfarbs where, as here, such coverage is "as required by written contract with the Named Insured"; and

    c. BAC has a contractual obligation under the Contract to defend and indemnify the "Owner," i.e., 566 Round Hill LLC and the Goldfarbs, against the Underlying Action, and upon information and belief, that contractual indemnification obligation of BAC to 566 Round Hill LLC and the Goldfarbs is covered by the Colony Policies.

## COUNT III – Breach of Contract

46. Chubb incorporates by reference its allegations in the preceding paragraphs as if fully set forth herein.

47. 566 Round Hill LLC and the Goldfarbs, and Chubb on their behalf, have demanded additional insured coverage under the Colony Policies and have demanded that Colony defend and indemnify them against the Underlying Action.

48. To date, Colony has failed and/or refused to defend and/or indemnify 566 Round Hill LLC and/or the Goldfarbs against the Underlying Action, despite its obligation to do so.

49. Colony's refusal and failure to defend and indemnify the Goldfarbs and 566 Round Hill LLC is a breach of contract, as Colony is obligated to provide such a defense and indemnification under the Colony Policies.

50. As a result of Colony's breach of contract, Chubb has been forced to incur, and continues to be forced to incur, damages, including without limitation attorneys' fees, costs, and expenses to defend 566 Round Hill LLC and the Goldfarbs against the Underlying Action. Absent Colony assuming its obligations under the Colony Policies, Chubb will be forced to incur additional damages.

51. Chubb is entitled to recover from Colony its damages caused by Colony's breach of contract.

## COUNT IV – Reformation of the Contract Based on Mutual Mistake

52. Chubb incorporates by reference its allegations in the preceding paragraphs as if fully set forth herein.

53. 566 Round Hill LLC and the Goldfarbs, and Chubb on their behalf, have demanded additional insured coverage under the Colony Policies and have demanded that Colony defend and indemnify them against the Underlying Action.

54. As set forth above, based upon the facts and circumstances, it was intended by the parties to the Contract that the term "Owner" under the Contract would include the "Owner" of

the property where and on which the work under the Contract was to be performed, *i.e.*, 566 Round Hill LLC.

55. Accordingly, to the extent that the language of the Contract is determined not to include 566 Round Hill LLC within the term "Owner," that language is the product of a mutual mistake of the parties to the Contract and needs to be reformed to comport with the parties' intentions.

56. Chubb is therefore entitled to reformation of the Contract so as to effect the intended meaning of the parties that the term "Owner" includes the "Owner" of the property where and on which the work under the Contract was to be performed, *i.e.*, 566 Round Hill LLC, and its Managers Morris and Arlene Goldfarb

57. Therefore, this Court should reform the Contract so that it includes the 566 Round Hill LLC and its Managers Morris and Arlene Goldfarb within the term "Owner."

## REQUEST FOR RELIEF

WHEREFORE, Chubb respectfully requests that the Court:

(1) grant Chubb's request for declaratory relief and enter the declaratory judgments stated and requested in Counts I and II of this Complaint above;

(2) enter judgment in favor of Chubb on Count III and award Chubb an amount equal to all damages it has incurred as a result of Colony's breach of the Colony Policies, including all attorneys' fees, costs, and expenses Chubb has paid to or on behalf of the Goldfarbs and 566 Round Hill LLC in defense against the Underlying Action;

(3) to the extent necessary, reform the Contract as stated and requested in Count IV; and

(4) grant such other and further relief in favor of Chubb as is just and appropriate.

## JURY TRIAL DEMAND

Chubb demands a trial by jury on any issue presented in this matter that is properly so triable.

>                             Respectfully submitted,
>                             GREAT NORTHERN INSURANCE COMPANY,
>                             and CHUBB INDEMNITY INSURANCE
>                             COMPANY
>                             By Its attorneys,
>
>
>                             /s/Kara A. Loridas
>                             Kara A. Loridas, Fed. Bar No. 30186
>                             RUBIN AND RUDMAN LLP
>                             53 State Street
>                             Boston, MA  02109
>                             (617) 330-7000
>                             kloridas@rubinrudman.com